## No. 7555.

### SUCCESSION OF P. V. MACARTY. OPPOSITION OF P. J. SPEAR.

Where an auctioneer under an order of court, sells succession property which is owned in part by a minor, he is entitled to charge only one half of one per cent on the entire amount of the sale when that amount is over $2500. *Revised Statutes of 1870, Sec. 160.*

APPEAL from the Second District Court, parish of Orleans. *Tissot,* J.

*Frank Michinard* for plaintiff and appellee.

*A. J. Villeré* for widow and appellant.

---

Frank Michinard, for plaintiff and appellee, contended:

First—That by bringing *suit* for a partition, the *plaintiffs* accepted the succession unconditionally. C. C. 994 (988). 28 A. 713.

By consenting in their answers to the partition, the *defendants* accepted the succession unconditionally. C. C. 1000 (994).

The capacity to stand in judgment in a partition suit, necessarily presupposes the quality of heir or co-owner.

It was not a sale "of property *belonging* (entirely) to minors, or in which they may be interested."

First—Because the share of the minor had been formally ascertained and liquidated at one twelfth. Hence, it was a sale of one twelfth *belonging* to the minor.

Second—Because the words "property in which minors *may be* (not *are*) interested" obviously mean property which may eventually come to them.

This provision of law is clearly intended for the *benefit of the minors*, and should not be extended by *implication* to owners of age.

A. J. Villeré, for widow and appellant, contended :

That the sale in question was of succession property in which a *minor was interested,* and hence that the commission of the auctioneer was fixed by *section 160* of the Revised Statutes of 1870.

———

The opinion of the court was delivered by

DeBlanc, J. The Second District Court designated—to make the sale of property belonging to the succession of P. V. Macarty, in which a minor is interested, Placide J. Spear, an auctioneer of this city, who claims—for his services as auctioneer—a commission of two and a half per cent on the proceeds realized by that sale.

His demand is opposed by the defendants in the rule, on the grounds that what he sold constituted the residue of said Macarty's succession—that a minor was therein interested, and that—under these circumstances—he is entitled to a commission which is fixed—by law—to one per cent upon all sums under $2500, and on all sums over that amount to one half of one per cent.

These are the very words of the 160th section of our Revised Statutes.

The lower court reduced the auctioneer's demand, but exclusively on the minor's share of the proceeds of the sale, and allowed it in full as to all the others. This was a mistake.

The law which we have referred to provides—in plain terms—that "no auctioneer shall demand or receive a higher compensation for his services than a commission of two and a half per cent, on the amount of any sale, public or private, made by him; and on sales of *succession* property, of property *belonging* to minors, or *in which they may be* interested, and on property surrendered by insolvents, made pursuant to an order or decree of any court of the State, by the sheriff or an auc-

tioneer, upon all sums under $2500 one per cent, and on all sums over that amount one half of one per cent. Revised Statutes, section 160.

The property sold by Spear was alleged to be, and was sold by him as succession property, and moreover—he himself acknowledged that it partly belonged to a minor. For these reasons he could legally have charged, on the entire amount of the sale, but the lowest of the commissions fixed by the law which we have quoted.

It is admitted by the parties that the sale of the property amounted to $40,700, and—considering that admission and the law—Spear, for his services as auctioneer, is entitled to a commission of two hundred and sixteen dollars.

Defendants have charged, but have failed to prove that plaintiff has retained, out of the proceeds of the sale, over one thousand dollars to satisfy the commission claimed by him.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court is amended and plaintiff's commission reduced to and fixed at two hundred and sixteen ($216) dollars ; the costs of the appeal to be paid by him, those of the lower court by defendants.

Rehearing refused.